# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No.: 5:04-cr-32-Orl-10GRJ

**SHAFEEQ ALI GOLDWIRE,**
_____

## MEMORANDUM SENTENCING OPINION

On July 27, 2001, Defendant Shafeeq Ali Goldwire (aged 21) was sentenced to 28 years in prison for armed bank robbery.[1] While incarcerated at USP Coleman, Goldwire and his cell-mate, Jessie Lee Watson, engaged in the distribution of small amounts of marijuana smuggled into the prison under the guise of legal paperwork. On July 28, 2004, Goldwire and Watson were indicted on various counts, and following a jury trial, Goldwire was convicted on two counts:[2] conspiracy to possess with intent to distribute marijuana (Count I) and attempt by an inmate of a federal prison to obtain a prohibited object (marijuana).

The sentencing hearing for both Goldwires was held on May 31, 2005. Given the small amount of marijuana involved (35.3 grams) and with credit for acceptance of responsibility, Watson received a presentence report ("PSR") guideline score of 6-IV, which resulted in a sentencing range of 6 to 12 months. However, because Watson had been placed in solitary

---

[1] Prior to this offense, he had a criminal history dating back to age 16 which included carrying a concealed firearm, grand theft, sale of cocaine, forgery and possession with intent to sell illegal drugs.

[2] Watson plead guilty.

confinement for approximately ten months,[3] the Court departed under United States Sentencing Guideline ("USSG") 5K2.0 by two levels, *see United States v. Presley*, 345 F. 3d 1205 (11th Cir. 2003), and sentenced Watson to 90 days.[4]  The government did not object to this sentence.

Goldwire, however, is another story.  Although responsible for the same criminal conduct as Watson, Goldwire received a PSR guideline score of 24-VI, resulting in a sentencing range of 110-137 months.  This significant disparity is the result of their comparative criminal histories and the fact that Goldwire's guideline range is enhanced from a level 8-VI to a level 24-VI by reason of the career offender enhancement provision of USSG 4B1.1.

Goldwire's base total offense level of 8-VI would produce a sentencing range of 18-24 months.  This sentence takes into account the amount of drugs involved, the fact that the offense was committed in prison and Goldwire's substantial criminal history.  This same criminal history, however, is considered again in the application of USSG 4B1.1 – the career offender enhancement. The offense with which Goldwire was charged, 21 U.S.C. § 841(b)(1)(D), carries a statutory maximum sentence of five years, which under USSG 4B1.1 would enhance Goldwire to an offense level 17-VI (51-63 months).  However, because the government filed an information under 28 U.S.C. § 851, the statutory maximum increases to 10 years and the Chapter 4 enhancement increases to level 24-VI (100-125 months).  Thus, the double compounding effect of these provisions results in a substantial increase in Goldwire's maximum guideline sentence, from two

---

[3] During the investigation and prosecution of this offense, Watson and Goldwire were placed in the special housing unit (" SHU") at Coleman, where they were locked in 23 hours per day, and their privileges were substantially curtailed.  Having visited this facility, the Court can attest to the fact that placement in the SHU constitutes additional punishment from that experienced by the general prison population.

[4] This term was within the resulting guideline range of a level 4-IV sentence.

years to 10 years for engaging in the same conduct for which Watson received a 90-day sentence. The question thus becomes, is a guideline sentence here consistent with the statutory factors set forth in 18 U.S.C. § 3553? In this Court's view, it is not.

The ultimate goal, of course, is to impose a sentence sufficient, but not greater than necessary, to comply with the factors delineated by statute.[5] Most of these factors (the nature and circumstances of the offense, Goldwire's criminal history, and the seriousness of the offense) have been taken into account in the base offense level of 8-IV. The analysis then must focus on the effect which Goldwire's "career offender" status has on the other statutory factors; *i.e.*, to promote respect for the law, to afford adequate deterrence to criminal conduct and to provide just punishment for the offense. And, these are inherently subjective factors.

Given the relatively small amount of drugs involved, Goldwire's substantial period of solitary confinement,[6] and the disparity between Watson's sentence and Goldwire's guideline sentence, the Court concludes that a 48-month sentence is appropriate under these circumstances. This sentence is double the maximum sentence suggested by his base guideline score which, in the Court's opinion is an adequate recognition of his "career offender" status. Such a sentence is sufficient to provide adequate deterrence to criminal conduct, yet not so extreme as to undermine respect for the law. In sum, it is a "just" sentence, which is sufficient, but not greater than necessary to comport with the statutory objective.

---

[5] While the Court gives considerable deference to the guidelines, in the final analysis, the Court must exercise its discretion to impose a fair and reasonable sentence, considering all of the statutory factors.

[6] Thirteen months.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Attorney
United States Marshal
United States Probation Office
United States Pretrial Services Office
Counsel for Defendants
Defendants